IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VLADISLAV FILATOV     *

    v.     *     CIVIL ACTION NO. DKC-10-2198

CLIFTON T. PERKINS HOSPITAL CENTER *

\*\*\*

## MEMORANDUM OPINION

Vladislav Filatov ("Filatov"), who is committed to the Clifton T. Perkins State Hospital Center ("Perkins") in Jessup, Maryland, filed this action on August 10, 2010, attacking his continued detention and complaining about "excessive" forced psychotropic medications and the deleterious side effect it has had on his health. He seeks immediate release from Perkins and cumulative $550,000,000.00 in damages. The document was construed as a hybrid habeas/civil rights action and Perkins was ordered to file a response.

Perkins has filed a Motion to Dismiss and Petitioner has filed a response thereto. Paper Nos. 4 & 6. The case may be examined on the pleadings and determined without oral hearing. *See* Local Rule 105.6. (D. Md. 2010).

Documents show that Filatov was admitted to Perkins for a competency and responsibility evaluation on March 8, 2001. On August 20, 2002, his commitment to Perkins was continued by the Baltimore City Circuit Court Judge Clifton Gordy after a finding of not criminally responsible ("NCR") for first-degree murder and attempted first-degree murder was made on April 12, 2002. Paper No. 4 at Ex. 1. Filatov continues to be hospitalized at Perkins. He has a lengthy history of mental illness and has been prescribed various medications for his diagnosed conditions, chief among them being paranoia, schizophrenia, depression, and bipolar disorder.

A Clinical/Forensic Review Board Case Report of August 10, 2010, reveals that because of Filatov's ability to psychiatrically stabilize, demonstrate behavioral stability for several years, and

maintain medium security, the Maryland Department of Health and Mental Hygiene ("DHMH") filed an application for conditional release and request for a hearing in 2009. Paper No. 4 at Exs. 2 & 3. In October 2009, Filatov received a release hearing before Baltimore City Circuit Court Gail E. Rasin, who denied the recommendation and informed Filatov she would support his release with conditions if he: (1) took an injectable psychotropic; (2) wore an electronic monitoring device; (3) had an updated risk assessment; and (4) continued to demonstrate behavioral stability in a less restrictive setting. Filatov agreed and the treatment team obtained an updated risk assessment and began injectable psychotropic medications in January 2010, beginning with Fluphenazine[1] and ending with Haldol. Also, on May 6, 2010, the Board approved Filatov for Level I privileges to give him the opportunity to demonstrate stability in a less restrictive setting.[2]

Filatov, however, was not allowed to attain his increased privileges because he could not tolerate the medication changes and he eventually refused all psychiatric and somatic drugs. The August 2010 report indicates that Filatov began to experience increased psychiatric symptoms while off the medication, shown by increased suspiciousness, insomnia, and bizarre behavior. He complained of severe side effects from the medication, such as involuntary muscle movement, severe leg and body pain, and sleeplessness. On July 20, 2010, Filatov's roommates complained that they did not feel safe with him as a roommate because of his behavior. As a result Filatov was considered unsafe to reside on the medium security ward and was transferred to maximum security in July of 2010. *Id.* at Exs. 2 & 3.

---

[1] Fluphenazine, also known by the brand names Permitil and Prolixin, is an antipsychotic medication used to treat schizophrenia and psychotic symptoms such as hallucinations, delusions, and hostility. www.nlm.nih.gov (copy attached).

[2] Filatov's counsel filed an application for administrative release and hearing with the Office of Administrative Hearings on July 22, 2010. Paper No. 4 at Ex. 5.

The report shows that Filatov suffers from the following "somatic" problems: elevated lipids and triglycerides, decreased testosterone levels, increased prolactin levels, osteoporosis, and obesity. He refuses all somatic medications such as Metrazol, Aluminum 1 Magnesium Hydroxide, and Calcium Carbonate with Vitamin D. Filatov's hallucinations are being treated with Risperidone 1 mg. twice daily, but he refuses to take the medication. His refusal to medicate is related to his difficulty tolerating the injectable medications.

Before a petitioner seeks federal habeas corpus relief, he or she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

Counsel argues that Filatov has not exhausted his state court remedies in attacking his continued detention in Perkins and his Petition should be dismissed for non-exhaustion. The court concurs. Filatov did not appeal Judge Rasin's 2009 denial of the Department of Health and Mental Hygiene's application for conditional release. Further, his counseled application for administrative release was filed with the Office of Administrative Hearings in July of 2010, and remains pending.[3] The petition shall be dismissed without prejudice for non-exhaustion.

Filatov's civil rights claims shall likewise be dismissed without prejudice. Filatov only names Perkins as a party. The entity, however, may not be sued under 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 authorizes the imposition of liability against "persons" who, acting under color of state

---

[3] The pendency of the action was confirmed by the Maryland Office of Administrative

law, subject a citizen to a deprivation of constitutional rights. Perkins is a building and not a "person" amenable to suit under § 1983. *See e.g., Powell v. Cook County Jail,* 814 F.Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F.Supp. 832, 836 (S.D. N.Y. 1994) ("jail is not an entity that is amenable to suit").[4]

For the aforementioned reasons the Motion to Dismiss shall be granted and this hybrid Petition for habeas corpus release and Complaint for damages shall be dismissed without prejudice. A separate Order follows.

Date:   October 20, 2010                              /s/
                                               DEBORAH K. CHASANOW
                                               United States District Judge

---

Hearings on October 20, 2010.

[4] While the court will not substantively review of Filatov's forced medication claim, the limited record provided shows that injectable psychotropics were indeed administered to him beginning in January of 2010. This occurred, however, after Judge Rasin made the regimen a condition of release and Filatov agreed to the treatment. Filatov indicated in his complaint and response that the medications cause him problems and the record shows that Filatov is refusing to take the drugs due to his inability to tolerate the medications. Further, the record shows that Filatov had an appendectomy before his detention and has triglyceride and lipid issues. There is, therefore, some question as to whether he was and is being "forced" to take the psychotropic drugs and what, if any, "surgeries" or "organ" damage he has experienced from the medications.